## STATE v. TREZEVANT.

1. The failure of the Circuit judge to ask a prisoner convicted of murder,. "If he has anything to say why judgment should not be pronounced on him," is error, and requires a resentence, although the prisoner did not. demand that this question should be asked.

2. But as this error affected the sentence only, the prisoner is not entitled to· a new trial, but must be resentenced after being so asked.*

Before WALLACE, J., Orangeburg, May, 1883.

This was an indictment against William Trezevant for murder. The opinion states the case.

*Mr. Andrew C. Dibble,* for appellant.

*Mr. Solicitor Jervey,* contra.

January 15th, 1884. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant was tried and convicted of murder at the May Term, 1883, in the Court of Sessions for Orangeburg county. When called for senténce, the question "whether he had anything to say why judgment should not be pronounced on him," was omitted. The appeal assigns error on account of this omission.

There is no doubt that in capital cases the practice of asking this question before sentence has been universally recognized and followed in this State from the earliest period of our judicial history. *State* v. *Washington,* 1 *Bay* 155. And it seems that it has been the practice, not simply because it was formal and seemly, but because of legal requirement founded upon wise consideration, and, therefore, necessary and indispensable. Mr. Archbold (1 *Cr. Pr. & Pl.* 676) says, that in capital cases, before judgment is pronounced upon the defendant, it is indispensably

* See *State* v. *Jefcoat* (3), *post,* page 383.

necessary that he should be asked "if he has anything to say why judgment should not be pronounced on him," referring to 1 *Chitty Crim. L.* 700 ; *West* v. *State,* 2 *Zabr.* 212, and *Grady* v. *State,* 11 *Geo.* 253 ; and, also, that this should appear upon the record to have been done. 3 *Salk.* 358 ; *Mill. Comp.* 157 ; 3 *Mod.* 265.

This is necessary, because, on this occasion, the defendant may allege any ground in arrest of judgment, or he may plead a pardon, &c. 4 *Bl. Com.* 376. He further says, that the omission to do this in cases of minor felonies is not a sufficient ground for reversing the judgment, provided it appears that the prisoner and his counsel were both in court when the sentence is pronounced, and urge nothing against the judgment or in mitigation of the defendant's guilt. *Grady* v. *State,* 11 *Geo.* 253. The same doctrine is found in 1 *Bish. Cr. Pro.,* § 865, where he says that "it is now indispensably necessary, even in clergyable felonies, that the defendant should be asked if he has anything to say why judgment of death should not be pronounced on him." 4 *Burr.* 2086 ; 3 *Salk.* 398 ; 3 *Mod.* 265. Under this uniform practice, founded, as we have seen, upon the law, the defendant here had the right to have this question propounded to him before sentence ; and, although it was not demanded, yet, in a case of such serious magnitude, the omission to have the question asked, we think, was error.

Next, as to the effect of this error. We do not see why it should affect the whole proceeding, and, therefore, render a new trial necessary. The error occurred after trial and conviction, and applied to the subsequent proceeding, to wit, the sentence only; and in reason the remedy should extend only so far as the error extended. The weight of authorities sustain this view. 1 *Bish. Cr. Pro.,* § 1293 ; *McCue* v. *Commonwealth,* 78 *Pa.* 191 ; 21 *Am. Rep.* 7 ; *State* v. *Johnson,* 67 *N. C.* 59.

It is the judgment of this court that the judgment of the Circuit Court, as to pronouncing sentence, be reversed, and that the case be remanded for resentence after the question above is asked the defendant.